Ivan C. McLEOD, Regional Director of the Second Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

LOCAL 25, INTERNATIONAL BROTH-ERHOOD OF ELECTRICAL WORK-ERS, AFL–CIO, Respondent.

No. 64–C–1009.

United States District Court
E. D. New York.

Oct. 30, 1964.

Bernard Wray, Washington, D. C., for petitioner, National Labor Relations Board.

Delson & Gordon, New York City, for respondent; Ernest Fleischman, David Ian Kramer, New York City, of counsel.

Harry H. Raines, for charging party; Martin H. Scher, of counsel.

BRUCHHAUSEN, District Judge.

The petitioner, the Regional Director of the National Labor Relations Board, hereinafter called the Board, seeks an order, temporarily restraining the respondent labor union, hereinafter called Local 25, from pursuing allegedly unfair labor practices against Sarrow-Suburban Electric Co., Inc. and Brunswick Hospital Center, Inc, pending final disposition of the charge by the Board.

On September 14, 1964, the Sarrow Company and Brunswick Hospital filed a charge with the Board alleging that Local 25 has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(b) (4) (i) (ii) (D)

of the National Labor Relations Act, also known as 29 U.S.C. § 158(b) (4) (i) (ii) (D). The applicable portion of the said statute reads as follows:

"(b) It shall be an unfair labor practice for a labor organization or its agents—

\* \* \* \* \* \*

"(4) (i) to engage in, or to induce or encourage any individual employed by any person engaged in commerce or in an industry affecting commerce to engage in, a strike or a refusal in the course of his employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services; or (ii) to threaten, coerce, or restrain any any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is—

"(D) forcing or requiring any employer to assign particular work to employees in a particular labor organization or in a particular trade, craft, or class rather than to employees in another labor organization or in another trade, craft, or class, unless such employer is failing to conform to an order or certification of the Board determining the bargaining representative for employees performing such work."

Pursuant to Section 10(*l*) of the said Act, also known as 29 U.S.C. § 160(*l*), the Board conducted a preliminary investigation of the said charge, and after such investigation the Board's officer reported that he had reasonable cause to believe that the said charge was true. The said statute empowers the appropriate District Court to grant injunctive relief.

The function of the District Court is limited to ascertaining whether the Board's District Director could have reasonable cause to believe that the charges were true and to the granting of equitable relief. In this connection, in

Douds v. Milk Drivers and Dairy Employees Union, 2 Cir., 248 F.2d 534, 537, the Court said:

"The District Court was not required to make final or even preliminary findings as to the truth or falsity of the facts alleged in the petition of the Director. By the terms of § 10(l) the Court's function is limited to ascertaining whether the Director could have 'reasonable cause to believe' that the charges filed were true and to granting such equitable relief 'as it deems just and proper.'

"This Court has described the district court's function as one of determining whether the Board has come forward with evidence sufficient to spell out a likelihood of violation, saying in Douds v. International Longshoremen's Ass'n, 2 Cir., 1957, 242 F.2d 808, 810:

" 'The District Court, moreover, on the record before us had no alternative other than to find that there is more than enough evidence to demonstrate that there was basis for the Board's finding that it had "reasonable cause to believe" that the "charge" filed by the Painters' Union is true. It is settled law that no more is required on this phase of the case.' "

Brunswick Hospital, a proprietary institution, located in Amityville, Long Island, contracted for the construction of an additional wing to its existing building, at a cost exceeding One Million dollars. The general contractor is to receive in excess of $50,000 of material from without the State of New York. A subcontract was entered into with Sarrow-Suburban Electric Co., Inc. for some $70,000. Its employees are members of a labor organization, known as Local 199. They are not members of the respondent's Union, Local 25.

At the hearing in this court, the petitioner adduced evidence that subsequent to the letting of the contract to Sarrow, representatives of Local 25 made demands upon Brunswick that it break its contract with Sarrow and assign the work to a member or members of Local 25 and that if it did not do so there would be trouble, there would be a work stoppage. Those demands were rejected. Since September 3, 1964, the job has been picketed by Local 25 and work substantially halted. In addition to the picketing, the respondent caused handbills to be distributed at the job site. Work resumed upon the issuance of a temporary restraining order.

 Upon careful consideration of the facts and applicable law, the Court concludes that the Director has reasonable cause to believe that the aforementioned charge is true.

The petitioner is entitled to the relief requested.

Settle decree on two (2) days' notice.